## City Water Company v. Nathan S. Silverfarb.

1. NOTICE—*when proof not sufficient under averment.* When no particular kind of notice or notice by any particular party is alleged, the plaintiff may properly prove any proper notice that would impose upon the defendant the duty charged.

2. WATER SUPPLY COMPANY—*right of, to convey its product upon private property.* A water supply company has no inherent right to convey its product upon private property; its authority so to do

is predicated upon a license revocable at the will of the owner of such property.

Action in case. Error to the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

M. MILLARD, for plaintiff in error.

PAUL IROSE, for defendant in error; D. E. KEEFE, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case by defendant in error against plaintiff in error, in the City Court of East St. Louis, to recover damage for injury to his goods caused by the escapement of water into the basement of his shop. Trial by jury. Verdict and judgment in favor of defendant in error for $217.50.

A Mr. Richardson was the owner of the building where the injury complained of occurred. Plaintiff in error was a public water supply company and maintained a system of water mains and pipes and fixtures under the streets, contiguous and near to the buildings along the same, among them being the building above referred to. That this building might be in condition to receive water from the mains and pipes of plaintiff in error's company, in case the occupants of it so desired, Mr. Richardson had put in place a suitable service pipe and attachments. This building had been occupied by various tenants for some time prior to the injury in question. The one who occupied it last before defendant in error came into possession of it was a barber by the name of Tolson. About the middle of December, 1902, Tolson requested the plaintiff in error to turn the water into the service pipe that the building might be supplied with water, and he continued to use the water until the 22nd or 23rd day of March, 1903, when he disconnected his own fixtures from the

service pipe, plugged up the end of it and "capped it." He then telephoned plaintiff in error to "shut off the water," receiving in reply, "all right." In a day or two after that he went to plaintiff in error's place to pay the balance he owed for water he had used, and was then informed "that they had received his message to cut the water out." The service pipe was in the basement, extended up out of the ground about four feet and stood three feet from the side and six to eight feet from the rear end.

Defendant in error rented the building and took possession on the 29th day of April, 1903. He used it for a cigar factory, and stored his cases of tobacco in the basement. He was not a consumer of plaintiff in error's water at any time while he occupied the building. He never ordered the water turned into the service pipe, or consented to its being turned in, or knew that it was turned in, or that it was at any time so connected that water could come into it. He did not know the service pipe was there until some time after he had come into possession, and when he did discover it, it was sealed up, "capped," and he thought the water had been turned off, and he had no means at hand of testing it, other than by its appearance. He had no "key," and it was against the rules of plaintiff in error for him to have a key for turning the water from its mains and pipes either on or off. In addition to the foregoing, the evidence tends strongly to prove that it was the practice and custom of plaintiff in error to turn off the water when notified to do so, and that in this instance it had neglected and failed to do so. About November 30, 1903, defendant in error on going into the basement, discovered that the pipe had burst and that the water was "shooting out of the pipe and had ruined all the tobacco." No question is raised as to the amount of damage sustained by defendant in error.

As stated by plaintiff in error, the allegations in

the first and second counts of the declaration, upon which the right to recover is based, are:

First Count. "That it became the duty of the defendant to turn off the water from said premises when it was notified to do so; that the defendant was duly notified to turn off the water from said premises long before the date of the injury to said plaintiff's property, yet the defendant did not turn off its water, but wrongfully and negligently allowed said water to remain turned on said premises."

Second Count. "That the defendant had been duly notified to turn off its water from said premises and that the defendant was in the habit and it was the custom of the defendant when it received notice to turn off the water from certain premises to attend to turning off said water, and it became and was the duty of defendant to turn off the water from said premises; yet the defendant, not regarding its duty on that behalf, did not turn off the water from the aforesaid premises, but knowingly, wrongfully and negligently allowed said water to remain turned on said premises."

The principal contention of counsel for plaintiff in error is that there is no evidence tending to prove either of these counts. They base this contention upon the assumption that it was necessary to the proof as to these counts, that defendant in error should *himself* have given the notice to turn off the water. In other words, that the notice by Tolson was of no avail.

It will be noted that the declaration does not charge that defendant in error gave the notice. The language is, "that the defendant was duly notified to turn off its water from said premises;" and in the second count, "that the defendant had been duly notified to turn off its water from said premises." Not having averred any particular kind of notice, or notice by any particular party, he might properly prove any proper notice that would impose upon plaintiff in error the

duty averred, with respect to the subject-matter averred.

A public water supply company has no lawful right to put its water into, or to maintain it upon the premises of another, without the consent of the owner or occupant. The right of a public water company to introduce its water into private property is in the nature of a license, good only for a specified time, if any particular time is specified, or until revoked, where no particular time is specified. In this case, when Tolson was in possession he had the power to, and did grant the license under which the plaintiff in error entered, and he had the power to, and did revoke that license by giving the notice pleaded and proven.

At the time defendant in error took possession of the premises, plaintiff in error had its water concealed in the same, without right or license, and wholly unknown to defendant in error.

Plaintiff in error insists that defendant in error was guilty of contributory negligence in failing to discover that the water was turned on, in time to have taken steps either to have it turned off or to prevent its escaping. From the facts appearing in our statement above, of what is disclosed by the evidence, it is clear that the question as to contributory negligence was properly left, by the trial court, to the judgment of the jury.

The special interrogatory submitted did not call for an answer as to any ultimate facts in the case, and the answer returned to it by the jury was wholly immaterial. As above stated, we hold that to maintain his case as pleaded in the declaration and under the established facts of this case, it was not necessary for defendant in error to prove that he *himself* had requested or notified plaintiff in error to turn the water off, hence the immateriality of the answer to the question.

Complaint is made of the ruling of the trial court in respect to the admission in evidence of certain of

plaintiff in error's rules. We think there was no serious error in admitting these rules in evidence.

It is apparent from what we have said above, that in our view of the case the trial court did not err in its rulings as to the giving and refusing of the instructions challenged or asked by counsel for plaintiff in error.

We find no error in this record warranting a reversal.

The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*